The court will proceed to the third case, O'Donnell v. Caine Weiner Company. Thank you, Judge. Good morning. May it please the court, this appeal arose following denial of a motion for a new trial after an adverse special verdict for the defendant in a combined action under the Equal Pay Act in Title VII for wage discrimination based on gender and for retaliation for threatening to file a charge with the EEOC. What happened here was the plaintiff faxed a bulletin from the EEOC about Equal Pay Act discrimination to the Human Resources Director and she was fired about six weeks later for stealing documents. And those documents which she allegedly stole were documents which proved that she did substantially the same job as a male employee with the same job title. The crux of this appeal are four major points. Number one, the district court did not abide Rule 49A2 of the Federal Rules of Civil Procedure requiring it to give instructions and explanations necessary to make special findings on each submitted issue. There were four issues and some of the issues were conflated. I direct your honors to the appendix 24 to 28 which show the very sparse skeletal instructions which the district court gave. The second major point in this appeal is that the district court gave pattern Seventh Circuit instructions mechanically and uncritically believing that to enhance them in any way would be surplus verbiage. Again, I also direct your attention to the supplemental appendix 33 to 38 so you can see and you can compare the instructions given with the ones that I proposed. The third main issue in this appeal is that the district court conflated the concept of compensatory damages between Title VII and the Equal Pay Act which the Supreme Court expressly stated in 1978 in Lorillard versus Ponds that they were not to be enforced similarly because of the different congressional policies between them. And in that regard, I direct your honors to the appendix 27 to show you the instruction that the district court erroneously gave which in effect deprived the plaintiff of a right to a trial by jury under the Equal Pay Act. The Equal Pay Act is essentially a gender discrimination statute which creates in effect a statutory court. It differs significantly from Title VII as the Supreme Court stated in Lorillard versus Ponds because Title VII is an equitable statute which you may remember up until the Civil Rights Act of 1991 did not allow compensatory damages or jury trials. The Equal Pay Act which has been around since about 1964, 65, 63 actually. Equal Pay Act since 1963 allows the right to a trial by jury on lost wages. The district court in effect deprived the plaintiff of the right to a trial by jury under Equal Pay Act case. He mistakenly believed that Title VII and Equal Pay Act were substantially similar. They are not. The fourth major point in this appeal is that the verdict form itself was confusing. In fact, the district court itself stated in the record with regard to the verdict form, open quote, this is inherently complex but they'll understand it if they follow the instructions carefully. The point of this appeal is that there were so few instructions to follow. They were so skimpy that the jury in no way could have figured out how to complete that verdict form on those very thin instructions. Maybe you could tell us what you think was wrong with the Equal Pay Act instruction and the Title VII instruction and the retaliation. Well, I will. That's a good question. First of all, there was nothing wrong with the Title VII instruction. Okay. That was fine. The instruction he gave, which is in the Appendix 27, that would have been fine for a Title VII case. In fact, it is a Title VII instruction. It's a Seventh Circuit Pattern Instruction 3.10. However, that doesn't apply to the Equal Pay Act, which is a part of the Fair Labor Standards Act. Right. There was a separate instruction for the Equal Pay Act claim. Okay. Now, there were two Equal Pay Act claims. There was the wages disparity claim, which we're not appealing. All right. Those were fine. Those are all pattern instructions. I mean, they're pretty rude. We're not appealing the fact that the jury disagreed with us that she was paid unequally. So there's no question, I think, in the Appendix 8 or 24. There's no problem with those. But Appendix 27 is the erroneous instruction. That is charging the jury on both the Equal Pay Act and on Title VII. Under Title VII, the jury does not consider the issue of back pay. Under the Fair Labor Standards Act, the Equal Pay Act is a part of that. The jury does. Well, that's a damages question that doesn't matter here because the jury didn't get to damages because it found no liability. So none of the damages errors, if there were errors in those instructions, has any bearing here. If the substantive instructions on the three substantive claims were fine, then we've got no problem. Well, that sort of begs the question. I mean, the jury was entitled to be instructed properly on what the damages were. Right, but there would be no harm here flowing from an instructional error on any of the damages instructions because the jury didn't get to the damages questions on the verdict because it answered no on the liability questions. So it's a no harm, no foul. Well, I don't know. I mean, that verdict form is pretty complex. It's very simple, actually. It's quite simple, as it should be in a case like this. It asks a liability question on each claim and it asks a damages question on each claim and it asks a punitive damages question. Well, it doesn't ask the damages question on the 215A3 claim. Well, it says what damages, which rule or. It says either or, but under Rule 49A, the court was supposed to instruct on each claim. There were four claims. We're not. The only ones we're appealing here are the discharge claims. But again, if there was a failure to separate out or properly separate out, as I read this, the damages questions were separated by claim. But even assuming there was an error in how the verdict form was constructed on the damages question or how the instructions read on damages, that doesn't matter because the jury didn't get to that. We've got a no liability verdict across the board on all claims. Well, I respectfully disagree with. How can it possibly have made any difference because the jury didn't reach the question of damages? It returned a no liability verdict. Well, that could have been for a number of reasons. But not because of an error in the damages instruction. Well, if that's your only argument, then I'm not sure why we're here. Well, I don't want to belabor this point or be too contentious here. But my point is that if the jury, if this verdict had come back on correct instructions, I wouldn't be here. But I just felt that the compensatory damages instruction was incorrect and the jury just found no liability on the equal pay, wage discrimination claim, and they just blew the whole thing away and found no liability in anything. And had they been instructed correctly, I think the result might have been different. Well, how is it that a different instruction on damages would have affected the determination of liability? The jury is specifically told to separate out those questions, answer only the questions that you need to answer, answer the liability questions first, and then don't move on if you don't have to. So, again, any error in the damages instructions was harmless. All right. Well, I know Your Honor's position on that, okay? All right. I have nothing else to say then. Thank you. All right. Thank you, Ms. Strauss. You're welcome. Ms. Bartolucci? Good morning, Your Honors. Please, the Court. I'm going to take your lead and say very little. I agree with your conclusion that any errors that were perceived regarding damages instructions are irrelevant based on the jury's finding of no liability. I agree the verdict form was extremely clear, and it asked the jury to make the factual determinations. And, again, juries are fact-finders, and the jury was asked to make the factual determinations relevant to the question of liability on each of plaintiffs' claims. They found no liability. They found the facts did not establish the prima facie elements of the Equal Pay Act claim, and that the elements of the Title VII and retaliation claims were not found. So I have combed the appellant's briefs to see if there was any issue that doesn't relate to damages, and I've not found one. So I will rest at that, unless you have any questions for me. All right. Thank you. Thank you. All right. The case will be taken under advisement.